672 A.2d 183

IN THE MATTER OF REGISTRANT E.D.: APPLICATION
FOR JUDICIAL REVIEW OF NOTIFICATION AND
TIER DESIGNATION.[1]

Superior Court of New Jersey
Appellate Division

Argued January 30, 1996—Decided February 9, 1996.

---

[1] The initials used in the caption are fictitious. This court has, for the purpose of confidentiality, refrained from identifying the names of those involved as well as the attorneys, Municipality, and County in question.

Before Judges SHEBELL, LONG, and MUIR, Jr.

The opinion of the court was delivered by

MUIR, Jr., J.A.D.

This appeal emanates from the implementation of the Registration and Community Notification Laws (RCNL), *N.J.S.A.* 2C:7–1 to –11, and the judicial review process required by *Doe v. Poritz,* 142 *N.J.* 1, 662 *A.*2d 367 (1995).

Registrant E.D., a convicted sex offender, appeals from an order that sustained the prosecutor's Tier Three risk of reoffense classification (highest risk of reoffense) and extent of community notification. The appeal asserts only that the trial court lacked jurisdiction under the RCNL to enter the order. Although he initially registered under the RCNL based on his New Jersey residence and although currently employed in New Jersey, E.D. argues the RCNL do not afford jurisdiction over him because he moved to Pennsylvania prior to the prosecutor's RCNL-required notice of proposed Tier classification and community notification. We conclude the RCNL apply and accordingly affirm.

The relevant facts are undisputed. E.D. was released on June 1, 1993, from the New Jersey Adult Diagnostic and Treatment Center (ADTC) after serving the maximum term for two sexual abuse offenses committed on two girls ages 7 and 8. The sentence to the ADTC required a finding the offenses reflected a repetitive, compulsive behavioral pattern. *See N.J.S.A.* 2C:47–1 to –8. E.D.'s record at the time of his incarceration discloses prior charges for lewdness and for public indecency in New York, Connecticut, and New Jersey.

Upon release, E.D. moved to a New Jersey community. There he registered as required by the RCNL. Shortly thereafter, he moved to Pennsylvania but continues to work at a gas station in New Jersey. On July 26, 1995, a New Jersey municipal court found him guilty of the disorderly persons offense of lewdness. E.D. received a 90–day jail term.

On November 29, 1995, the prosecutor initiated the RCNL Tier classification and community notification process. The trial court rejected E.D.'s lack of jurisdiction argument. This appeal ensued.

The RCNL are "clearly and totally remedial in purpose." *Doe v. Poritz, supra,* 142 *N.J.* at 73, 662 *A.*2d 367. "Where the Legislature's intent is remedial, a court should construe a statute liberally." *Young v. Schering Corp.,* 141 *N.J.* 16, 25, 660 *A.*2d 1153 (1995). To that aim, statutes should be read "in a way that advances 'the sense and meaning fairly deductible from the context.'" *State v. Gonzalez,* 142 *N.J.* 618, 627–28, 667 *A.*2d 684 (1995) (quoting *Lesniak v. Budzash,* 133 *N.J.* 1, 14, 626 *A.*2d 1073 (1993)). Common sense then projects that a court is not precluded from interpreting a statute to apply in circumstances not specifically considered by the Legislature so long as those circumstances are within the ambit of the legislative purpose. As we recently stated:

> Generally, a remedial statute will be construed to include cases within its spirit or reason, although technically outside its letter, when necessary to effectuate the legislative intent. Where the drafters of a statute did not consider or contemplate a specific situation, a court should interpret the enactment consonant with the probable intent of the drafters, had the situation at hand been anticipated. In such a situation, the interpreting court should not rely on "literalisms, technicisms or the so-called formal rules of interpretation." Rather, the court should rely on the breadth of the objectives of the legislation and the common sense of the situation, in order to further the legislative purpose.
>
> [*City of Newark v. Township of Hardyston,* 285 *N.J.Super.* 385, 394, 667 *A.*2d 193 (App.Div.1995) (citations omitted).]

Applying these rules, we conclude the RCNL apply to the circumstances here.

Designed to afford a means for protecting New Jersey citizens, particularly children, from the almost intractable recidivism of repetitive, compulsive sex offenders, the RCNL prescribe a process that allows law enforcement officials to identify convicted sex offenders and alert the public about them. *See N.J.S.A.* 2C:7–1 to –11; *Doe v. Poritz, supra,* 142 *N.J.* at 12, 40, 662 *A.*2d 367. The process mandates a convicted sex offender register with the chief law enforcement officer of the municipality in which the

offender resides. *N.J.S.A.* 2C:7–2c(2), (3). To that extent, the RCNL project New Jersey residency as a basis for their applicability.

The RCNL's principal objective, however, is notification to those threatened by the risk of reoffense by an intractable recidivist like E.D. Jurisdiction, and hence notification, is controlled not by continued residency but by the more expansive concept of the persons the registrant is likely to continue to encounter. *See N.J.S.A.* 2C:7–8c. "Likely to encounter" encompasses locations the registrant visits or can be presumed to visit on a regular basis. Attorney General's Guidelines, Section V. Definitions. "Likely to encounter" environs, then, encompass not only the geographic areas around a registrant's residency but also the geographic areas around a registrant's work place. *See Doe v. Poritz, supra,* 142 *N.J.* at 37, 662 *A.*2d 367; *In re Registrant E.A.,* 285 *N.J.Super.* 554, 557, 667 *A.*2d 1077 (App.Div.1995). Consequently, although the Legislature did not identify a registrant's New Jersey work place as a specific basis for requiring registration under the circumstances here, which include the initial registration, we conclude the unmistakable legislative purpose is that the RCNL apply requiring the community notification approved by the trial court in the order under appeal.

Our holding is fostered by a provision of the RCNL. *N.J.S.A.* 2C:7–5d states:

> Nothing in this section shall be construed to prevent law enforcement officers from notifying members of the public exposed to danger of any persons that pose a danger under circumstances that are not enumerated in this act.

The provision reflects the breadth of the objectives of the RCNL. That breadth extends to the circumstances of this case.

The temporary stay of notification entered on January 26, 1996, is hereby vacated.

The order under appeal is affirmed.